12-3535-cv
Lazare Kaplan Int'l Inc. v. KBC Bank N.V.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand thirteen.

PRESENT:  RALPH K. WINTER,
          GUIDO CALABRESI,
          GERARD E. LYNCH,
               *Circuit Judges*.

_____

LAZARE KAPLAN INTERNATIONAL INC.,

     *Plaintiff-Appellant*,

     v.                            12-3535-cv

KBC BANK N.V., ANTWERP DIAMOND
BANK N.V.,

     *Defendants-Appellees*.[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

FOR APPELLANT:                      CHRISTOPHER J. SULLIVAN (Jason Anthony
                                    D'Angelo, *on the brief*), Herrick, Feinstein LLP, New
                                    York, New York.

FOR APPELLEE KBC BANK:              PETER A. BICKS (Richard A. Martin, Philipp
                                    Smaylovsky, Rachel Wainer Apter, and Daniel
                                    Robertson, *on the brief*), Orrick, Herrington &
                                    Sutcliffe LLP, New York, New York.

FOR APPELLEE ANTWERP               HELEN A. GREDD (Patrick Paul Garlinger, *on the*
DIAMOND BANK:                      *brief*), Lankler Siffert & Wohl LLP, New York, New
                                    York.


Appeal from a judgment of the United States District Court for the Southern District

of New York (Andrew L. Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the district court is **VACATED** and the case is

**REMANDED** for further proceedings consistent with this opinion.

Appellant Lazare Kaplan International, Inc. ("Lazare") appeals from the district

court's September 5, 2012 dismissal of its complaint on *forum non conveniens* grounds.  See

Lazare Kaplan Int'l, Inc. v. KBC Bank N.V., No. 11 Civ. 9490, 2012 WL 3854618, at *10

(S.D.N.Y. Sept. 5, 2012).  We assume the parties' familiarity with the underlying facts, the

procedural history of the case, and the issues on appeal.

On December 23, 2011, Lazare sued Antwerp Diamond Bank N.V. ("ADB") and

KBC Bank N.V. (collectively, "defendants") for more than $500 million in damages, alleging

a sprawling international conspiracy between defendants and various entities to steal

diamonds and diamond proceeds belonging to Lazare.  Defendants moved to dismiss the

2

claim on, inter alia, *forum non conveniens* grounds.[1] The parties disagree over which of two contracts, each with its own forum selection clause, governs Lazare's claims. Defendants proffer the ADB Banking Conditions, signed by Lazare and ADB, which provides for exclusive Belgian jurisdiction over any claims brought against ADB. Lazare proffers the KBC Account Agreement, signed by Lazare and KBC, which provides for exclusive New York jurisdiction over "these Terms and Conditions or any other agreements you have with KBC Bank relating to any accounts or disputes arising thereunder."

The district court, faced with these competing forum selection clauses, declined to choose between the two clauses, or even to decide whether the KBC Account Agreement applied to any part of Lazare's complaint. Instead, it held that "[i]n light of the conflicting forum selection clauses," it would "proceed[] to a *forum non conveniens* analysis." Id. at *4. It granted Lazare's choice of a New York forum a "moderate level of deference" and found that because "Belgium is an adequate alternative forum, and [] New York has minimal interest in this litigation," dismissal for *forum non conveniens* was appropriate. Id. at *10.

While the decision to dismiss a case on *forum non conveniens* grounds "lies wholly within the broad discretion of the district court," the district court "must follow the governing legal standards," and we perform a "limited review" to "determine whether the district court reached an erroneous conclusion on either the facts or the law." Iragorri v. United Techs.

---

[1] Defendants also moved to dismiss the claim under Federal Rules of Civil Procedure 8, 9(b), and 12(e) and (f). The district court did not reach these contentions. Lazare, 2012 WL 3854618, at *10.

3

Corp., 274 F.3d 65, 72 (2d Cir. 2001) (internal quotation marks omitted). A mandatory

forum selection clause must be enforced unless the objecting party can "clearly show that

enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons

as fraud or overreaching." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972); see

also Magi XXI, Inc. v. Stato della Città del Vaticano, 714 F.3d 714, 720-21 (2d Cir. 2013).

Only when "the M/S Bremen presumption of enforceability does not apply" to a forum

selection clause may a court engage in "the traditional *forum non conveniens* standards

articulated by the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947)." Aguas

Lenders Recovery Grp. v. Suez, S.A., 585 F.3d 696, 700 (2d Cir. 2009). "Where, as here, the

two sides have put forth different contracts, each containing a forum selection clause

designating a different forum, and the parties do not dispute the facts which gave rise to those

two conflicting contracts, the court must decide . . . which forum selection clause governs."

Asoma Corp. v. SK Shipping Co., 467 F.3d 817, 822 (2d Cir. 2006).

The district court here erred in failing to analyze properly the applicability of each

forum selection clause to the various aspects of this litigation, as required by Asoma, and

instead proceeding directly to a *forum non conveniens* analysis.[2] Both sides ask us to decide

in the first instance that its preferred forum selection clause governs Lazare's claim.

Defendants argue that the dispute grows out of Lazare's banking relationship with ADB, that

---

[2] Because we vacate the district court's *forum non conveniens* analysis on other grounds, we need not reach Lazare's argument that the district court did not give sufficient deference to its choice of forum.

4

the limited forum selection clause in the KBC Account Agreement does not govern this dispute, and that the entire dispute is thus governed by the broad forum selection clause in the ADB Banking Conditions and must be brought in Belgium. Lazare contends that its only banking relationship was with KBC and that the KBC Account Agreement, as the only applicable forum selection clause, requires that the case be brought in New York. Neither side acknowledges the possibility, which seems to us quite real, that each clause could apply only to particular claims and/or particular parties. In any event, the unresolved factual disputes over the banking arrangements between Lazare and defendants[3] do not permit us to decide the issue on the present record.[4]

We therefore vacate the district court's judgment for failure to follow the rule set forth in Asoma and remand the case to the district court for further proceedings consistent with this opinion. We express no opinion on the applicability of either of the two forum selection clauses or on the parties' factual contentions as to the nature of their banking agreements. We similarly express no view on the merits of defendants' other arguments for dismissal, or

---

[3] Lazare, for example, contends that it does not have a bank account and is not an "account holder" with ADB, but instead has an account with KBC and a mere "loan balance" with ADB. Defendants argue that Lazare's primary bank account is with ADB in Belgium, and that Lazare's KBC account is merely a "zero-balance" account that gives Lazare same-day access to its ADB account.

[4] In Asoma, we held that the question of which clause applied was to be decided "as a matter of law on the agreed facts." 467 F.3d at 822. Here, however, where the relevant facts are anything but "agreed," the question is not susceptible to resolution by an appellate court on an appeal from a decision made before discovery, without sufficient findings of fact by the district court.

on whether the district court should exercise its discretion to rule on one or more of these arguments rather than conduct an <u>Asoma</u> analysis.[5]

For the foregoing reasons, the judgment of the district court is hereby **VACATED** and the case is **REMANDED** for further proceedings consistent with this opinion.  Defendants' June 3, 2013 motion to supplement the record is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[5] On June 3, 2013, after oral argument, defendants moved to supplement the record on appeal with court documents from Belgian proceedings involving these parties, or in the alternative, for the Court to take judicial notice of the documents.  As these documents are not necessary or relevant to our analysis, that motion is denied as moot.