18-2876-cv
Lazare Kaplan International Inc. v. KBC Bank N.V.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of November, two thousand nineteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             RICHARD J. SULLIVAN,
                     *Circuit Judges*.

_____

LAZARE KAPLAN INTERNATIONAL INC.,

                     *Plaintiff-Appellant*,

             v.                                          18-2876-cv

KBC BANK N.V., in its own right and as successor-in-interest
to ANTWERP DIAMOND BANK N.V.,

                     *Defendant-Appellee*.[1]

_____

Appearing for Appellant:     Gary Stein, Schulte Roth & Zabel LLP (Mark L. Garibyan, Adam S. Hoffinger, Heidi R. Schumann, *on the brief*), New York, N.Y.

Appearing for Appellee:      Andrew D. Silverman, Orrick, Herrington & Sutcliffe LLP (Benjamin F. Aiken, Peter A. Bicks, Thomas King-Sun Fu, Aaron M. Rubin; Helen Gredd, Lankler Siffert & Wohl LLP, *on the brief*) New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Carter, *J.*).

_____

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Lazare Kaplan International, Inc. appeals from the August 29, 2018 judgment of the United States District Court for the Southern District of New York (Carter, *J.*) dismissing its lawsuit against Antwerp Diamond Bank N.V. and KBC Bank N.V. alleging an international conspiracy between defendants and various entities to steal diamonds and diamond proceeds belonging to Lazare. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As relevant to this appeal, the district court previously dismissed the complaint on forum non conveniens grounds. A prior panel vacated that dismissal and remanded for the district court to consider whether two forum selection clauses applied to any of the claims. *Lazare Kaplan Int'l Inc. v. KBC Bank N.V.*, 528 F. App'x 33, 36 (2d Cir. 2015) (noting that "[n]either side acknowledges the possibility, which seems to us quite real, that each clause could apply only to particular claims and/or particular parties."). On remand, the district court dismissed the complaint on the grounds that (1) the forum selection clause in Lazare's agreement with Antwerp Bank required that all claims against the bank be brought in Belgium; (2) the lone claim against KBC that is governed by the New York forum selection clause (for breach of the covenant of good faith and fair dealing) was time barred; and (3) or, in the alternative, forum non conveniens. *Lazare Kaplan Int'l Inc. v. KBC Bank N.V.*, 337 F. Supp. 3d 274 (S.D.N.Y. 2018). Lazare challenges each of these rulings on appeal.

We affirm for substantially the reasons set forth in the district court's thorough opinion. First, the party seeking to enforce a forum selection clause must demonstrate that (1) "the clause was reasonably communicated to the party resisting enforcement;" (2) "the clause is mandatory, i.e. . . ., whether the parties are required to bring any dispute to the designated forum;" and (3) "the claims and parties involved in the suit are subject to the forum selection clause." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007) (internal emphasis and brackets omitted). The district court properly determined that each element was satisfied. The Antwerp forum selection clause, set forth in the Banking Conditions that were part of the agreement between Antwerp Bank and Lazare, provides that "the courts of Antwerp, Belgium shall have exclusive jurisdiction with respect to any action brought against the Bank." App'x at 6854. The broad language of that clause, coupled with the fact that the alleged scheme derived from the parties' contractual relationship, supports the district court's conclusion that Lazare's claims against Antwerp Bank must be brought in Antwerp.

By contrast, the New York forum selection clause, set forth in the account agreement between Lazare and KBC-NY, is much narrower, and limited to contract claims between Lazare and KBC-NY—i.e., those claims related to the "terms and conditions" of that Agreement. Since the only claim that purports to relate to the contract between the two is the tenth cause of action—breach of the covenant of good faith and fair dealing—it is the only claim covered by the New York forum selection clause. The remaining claims against KBC sound principally in tort and are beyond the scope of the clause. However, since the parties concede that KBC and Antwerp Bank are "closely related" (indeed, KBC is successor-in-interest to Antwerp Bank) it follows that KBC may take advantage of the Antwerp forum selection clause

as to these remaining claims even though it was not a party to that agreement. *See Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 715, 722-23 (2d Cir. 2013). Because the clauses were reasonably communicated and mandatory, and all of the claims were subject to either the Antwerp forum selection clause or the New York forum selection clause, the clauses were "presumptively enforceable." The burden then shifted to the party resisting enforcement to "mak[e] a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Philips,* 494 F.3d at 383–84 (internal quotation marks omitted). Lazare failed to meet its burden.

Since the contract claim against KBC is subject to the New York forum selection clause, the district court appropriately proceeded to the merits of this claim. On their face, the Terms and Conditions provide that Lazare "must examine [each] statement, and any cheques returned to [it], as soon as [it] receives them, and promptly notify [KBC] in writing of any errors, of if the information does not correspond to [Lazare's] records." App'x at 3611. The contract further provides that Lazare must "promptly notify [KBC] in writing of any errors, or if the information does not correspond to [Lazare's] records." App'x at 3611. The contract requires Lazare to "promptly notify [KBC] of any fraudulent or unauthorized transactions" and that failure to do so "within thirty (30) day" will result in the statement being "deemed correct." *Id.* Thus, notice was required whenever an "irregularity" such as an error, fraud, or otherwise unauthorized transaction appeared on Lazare's bank statements, and Lazare was prohibited from bringing "a legal proceeding or action against KBC Bank to recover for any claim or error or fraudulent transaction unless [Lazare gave] the Bank timely notice . . . ." *Id.*

Although the complaint is hardly a model of clarity with respect to how the KBC-NY account statements perpetuated the Banks' alleged scheme, the district court properly dismissed Lazare's contract claim against KBC-NY. Put simply, to the extent that the breach of covenant of good faith and fair dealing was apparent from the KBC-NY account statements, Lazare had 30 days to notify KBC, and its failure to do so renders its claim time-barred. To the extent that the complaint alleges a fraud that was not apparent from the face of the bank statements, those allegations fall outside the scope of the lone contract claim against KBC and must be pursued in Antwerp under the Antwerp forum selection clause. Accordingly, the district court properly dismissed Lazare's sole claim under the KBC-NY contract.

As we affirm the district court's dismissal based on the forum selection clauses contained in the parties' agreements, we do not reach its alternate holding dismissing on the ground of forum non conveniens. We have considered the remainder of Lazare's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3